MEMORANDUM *
Habibu Fofanah,[1] a native and citizen of Sierra Leone, petitions for review of the Board of Immigration Appeals’ (“BIA”) decision affirming the Immigration Judge’s (“IJ”) denial of his applications for asylum, withholding of removal, relief under the Convention Against Torture (“CAT”), and voluntary departure. We have jurisdiction under 8 U.S.C. § 1252. The BIA adopted and affirmed the IJ’s decision regarding asylum, withholding of removal, CAT relief, and voluntary departure, citing Matter of Burbano, 20 I. & N. Dec. 872, 874 (BIA 1994). We therefore review the IJ’s decision as if it were that of the BIA, as well as any additional reasoning offered by the BIA. See Husyev v. Mukasey, 528 F.3d 1172, 1177 (9th Cir.2008) (citing Abebe v. Gonzales, 432 F.3d 1037, 1040 (9th Cir.2005) (en banc)). We review the agency’s factual findings for substantial evidence. Zehatye v. Gonzales, 453 F.3d 1182, 1184-85 (9th Cir.2006). Under the substantial evidence standard, “administrative findings of fact are conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary.” 8 U.S.C. § 1252(b)(4)(B). Thus, we must uphold the agency’s determination if it is supported by reasonable, substantial, and probative evidence in the record. INS v. Elias-Zacarias, 502 U.S. 478, 481, 112 S.Ct. 812, 117 L.Ed.2d 38 (1992). We deny in part and dismiss in part the petition for review.
We deny Fofanah’s petition for review with respect to his asylum claim because the evidence does not compel a finding that he was persecuted on account of any protected ground. The evidence, including Fofanah’s own testimony and exhibits, demonstrates that the terrible atrocities that he and his family suffered at the hands of the Revolutionary United Front (“RUF”) were not on account of them political opinion or tribal membership but rather were part of the widespread *37 violence perpetrated by the RUF during the Sierra Leone civil war. Compare Knezevic v. Ashcroft, 367 F.3d 1206, 1211-12 (9th Cir.2004) (finding of past persecution compelled, despite widespread civil unrest, where the Serbian applicant’s evidence demonstrated a “systematic campaign of ethnic cleansing by the Croats”).
Because the record does not compel a finding that Fofanah is eligible for asylum, it necessarily cannot compel a finding that he satisfies the more demanding standards for withholding of removal. See Farah v. Ashcroft, 348 F.3d 1153, 1156 (9th Cir.2003). Nor does the evidence compel the conclusion that Fofanah would more likely than not be tortured if he were returned to Sierra Leone in light of the country report in the record that describes political developments including the end of the civil war, the holding of free and fair elections, and the establishment of war crimes tribunals to punish former RUF leaders. See 8 C.F.R. § 208.16(c)(2).
We dismiss Fofanah’s petition for review with respect to his voluntary departure claim. An applicant must establish “by clear and convincing evidence” that he “has the means to depart the United States and intends to do so.” 8 U.S.C. § 1229c(b)(l)(D). Under the regulations, “clear and convincing evidence of the means to depart shall include in all cases presentation by the alien of a passport or other travel documentation sufficient to assure lawful entry into the country to which the alien is departing.” 8 C.F.R. § 1240.26(c)(2). The IJ determined that Fofanah did not have a passport or other valid travel documentation. Because this is a question of fact, we lack jurisdiction to review it. 8 U.S.C. §§ 1252(a)(2)(B)(i), (D).
The petition for review is DENIED in part and DISMISSED in part.

 This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

. The petitioner signs his name “Fofanah” in his application for asylum and in his declaration. We use this spelling in this memorandum.