**NOT FOR PUBLICATION**

JAN 26 2015

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| SAIDOU JALLOW, | No. 11-73349 |
| Petitioner, | Agency No. A079-611-711 |
| v. | |
| ERIC H. HOLDER, Jr., Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted January 14, 2015[**]
San Francisco, California

Before: M. SMITH, NGUYEN, and FRIEDLAND, Circuit Judges.

Saidou Jallow petitions for review of a Board of Immigration Appeals'

(BIA) decision denying his asylum application. We have jurisdiction pursuant to 8

U.S.C. § 1252, and we deny the petition.

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

Substantial evidence supports the BIA's conclusion that Jallow was not persecuted on the basis of his affirmative political beliefs or an imputed political opinion. *See Sangha v. INS*, 103 F.3d 1482, 1487–89 (9th Cir. 1997). Jallow provided no evidence that the Revolutionary United Front ("RUF") guerillas were aware of any affirmative political views held by him, or that the guerillas' actions were motivated in whole or in part by such views. *Cf. Nuru v. Gonzales*, 404 F.3d 1207, 1226 (9th Cir. 2005). Jallow's statement to the RUF guerillas that he would "never join them" is insufficient, on its own, to constitute an expression of a political opinion. *See INS v. Elias-Zacarias*, 502 U.S. 478, 481–82 (1992). Similarly, Jallow provided no evidence that the RUF imputed a political opinion to him. Rather, the record shows that the "terrible atrocities that [Jallow] and his family suffered at the hands of the . . . RUF . . . were . . . part of the widespread violence perpetrated by the RUF during the Sierra Leone civil war." *See Fafanah v. Holder*, 313 F. App'x 35, 36–37 (9th Cir. 2009).

*Canas-Segovia v. INS*, 970 F.2d 599 (9th Cir. 1992), *Cordon-Garcia v. INS*, 204 F.3d 985 (9th Cir. 2000), and the secondary authority relied on by Jallow are inapposite because there, the asylum applicants provided evidence to support an inference that the persecutors attributed political views to the applicant or a group

with which the applicant was associated, and engaged in persecution at least partly on account of those attributed views.

Substantial evidence also supports the BIA's conclusion that Jallow did not demonstrate a "well-founded fear of future persecution." *See Hoxha v. Ashcroft*, 319 F.3d 1179, 1181–82 & n.4 (9th Cir. 2003). The BIA reasonably reached this conclusion due to the lack of "direct[] and specific evidence" on this score. *See Mgoian v. INS*, 184 F.3d 1029, 1035 (9th Cir. 1999). The BIA's conclusion is further bolstered by its additional finding, also supported by substantial evidence, that country conditions have changed since Jallow left Sierra Leone. *See Molina-Estrada v. INS*, 293 F.3d 1089, 1095–96 (9th Cir. 2002). Moreover, the BIA's analysis of changed country conditions was sufficiently "individualized" to withstand substantial evidence review. *See Marcos v. Gonzales*, 410 F.3d 1112, 1121 (9th Cir. 2005).

Finally, the BIA did not engage in fact-finding outside the record in its analysis of changed country conditions. The government raised the issue of changed country conditions before the immigration judge ("IJ") and the BIA, and the record before the IJ included the U.S. Department of State country reports and other information about the civil war in Sierra Leone.

**PETITION DENIED.**

3